UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:12-cv-887 |
| *ex rel.*, SARA CURTIS HICKS, *et al.,* | : | |
| | : | |
| Plaintiff and Relators, | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| EVERCARE HOSPITAL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER GRANTING THE UNITED STATES' MOTION TO DISMISS
THE RELATORS' ELIGIBILITY ALLEGATIONS (Doc. 21)**

This matter is before the Court on the government's Motion to Dismiss (Doc. 21), the Relators' Response in Opposition (Doc. 22), and the government's Reply (Doc. 23).

## I.  BACKGROUND FACTS

Co-Relators Sara Curtis Hicks ("Curtis Hicks"), Leah Broderick ("Broderick") and Debbie Turner ("Turner") are all registered nurses who have worked for Defendant Evercare Hospice, Inc. ("Evercare")[1] and who allege Defendants systematically defrauded Medicare and retaliated against Relators after Relators complained (Doc. 10). Specifically, Relators allege Defendants enrolled and re-certified patients that Defendants

---

[1] Defendants are entities comprising a chain of corporate ownership beginning with Evercare Hospice, Inc. d/b/a Evercare Hospice and Palliative Care, providers of in-home hospice care, and ending with Unitedhealth Group Incorporated.  Evercare is owned by Collaborative Care Holdings, LLC, which is owned by Optum Health Holdings, LLC, which is owned by United Healthcare Services, Inc., which is owned by Unitedhealth Group Incorporated (doc. 10).  In this Order, the Court will refer to these Defendants collectively as "Evercare."

knew were ineligible for the Medicare hospice benefit ("eligibility" allegations), admitted patients without mandatory consent and/or power-of-attorney designations, billed for continuous care when such care was neither reasonable nor necessary ("continuous care" allegations), and provided inadequate services (*Id.*). As for the retaliation allegations, Relators claim that after their whistleblowing was discovered, Defendants overburdened their workloads, denied and interfered with Relators' vacation time, and created a hostile environment (*Id.*). Defendants ultimately terminated Turner, allegedly constructively terminated Curtis-Hicks, and, according to Relators, continue to retaliate against Broderick (*Id.*).

The government moves the Court to dismiss Relators' eligibility allegations because, in its view, the False Claims Act's ("FCA") first-to-file provision, 31 U.S.C. § 3730(b)(5), bars such allegations due to a similar consolidated *qui tam* case previously filed in Denver, Colorado: *United States ex rel. Fowler and Towl v. Evercare Hospital, Inc., et al.,* No. 11-cv-00642 and *United States ex rel. Rice v. Evercare Hospice, Inc.*, No. 14-cv-01647, ("*Fowler*"). Since the time the government filed the instant motion, it has filed its own Consolidated Complaint in Intervention in the *Fowler* matter (doc. 23, fn.1).

## II.     THE PARTIES' BRIEFING

The government has attached a copy of the original *Fowler* Complaint to its motion, and contends, relying on *United States ex. rel. Poteet v. Medtronic*, 552 F.3d 503 (6th Cir. 2009) and *Walburn v. Lockheed Martin Corp.,* 431 F.3d 966, 970 (6th Cir. 2005), that it should prevail on its motion to dismiss the Relators' similar eligibility

allegations. The Relators respond that, in their view, the government's motion is premature, as the *Fowler* Complaint could be challenged as jurisdictionally precluded or otherwise legally infirm, under a *caveat* included in the Sixth Circuit's *Poteet* decision, 552 F.3d 503, 516.

### III. The First to File Rule

The FCA's first-to-file rule provides that "[w]hen a person brings an action under this Subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). By its own terms, this statutory provision "unambiguously establishes a first-to-file bar, preventing successive plaintiffs from bringing related actions based on the same underlying facts." *Walburn,* 431 F.3d at 971. This "jurisdictional limit on the courts' power to hear certain duplicative *qui tam* suits," *United States ex rel. Grynberg*, 390 F.3d 1276, at 1278 (10th Cir. 2004), furthers the policies animating the FCA by ensuring that the government has notice of the essential facts of an allegedly fraudulent scheme. *Poteet*, 552 F.3d 503, 516, *see also Grynberg*, 390 F.3d at 1279 ("Once the government is put on notice of its potential fraud claim, the purpose behind allowing *qui tam* litigation is satisfied."); *United States ex rel. LaCorte v. SmithKline Beecham Clinical Lab, Inc.*, 149 F.3d 227 at 234 (3d Cir. 1998)("[D]uplicative claims do not help reduce fraud or return funds to the federal fisc, since once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds.")

To determine whether a relator's complaint runs afoul of Section 3730(b)(5)'s first-to-file rule, a court must compare the relator's complaint with the allegedly first-filed complaint. *Poteet,* 552 F.3d 503, 516. If both complaints "allege 'all the essential facts' of the underlying fraud, the earlier filed [] action bars [the later] action, even if [the later] complaint 'incorporates somewhat different details.'" *Id*. *quoting LaCorte*, 149 F.3d at 232-33).

One important *caveat* to the first-to-file rule, however, is that in order to preclude later-filed *qui tam* actions, the allegedly first-filed *qui tam* complaint must not itself be jurisdictionally or otherwise barred. *See Walburn*, 431 F.3d at 972 (finding that an earlier filed complaint's failure to comply with Rule 9(b) rendered it legally infirm from its inception, and thus unable to preempt a later-filed action). However, if the first-filed *qui tam* action has been dismissed on its merits or on some other grounds not related to its viability as a federal action, it can still preclude a later-filed, but possibly more meritorious *qui tam* complaint, under the first-to file rule. *Poteet,* 552 F.3d 503, 516-17, *citing United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181 at 1188 (9th Cir. 2001).

## IV. Discussion

Having reviewed the two Complaints at issue---the Amended Complaint in this case, and the *Fowler* Complaint in the Colorado case, the Court agrees with the government that the "eligibility" allegations against Defendant Evercare overlap temporally and substantively. The only remaining question is whether Relators are

correct in their contention that granting the government's motion at this moment is premature.  In Relators' view, if the Court should dismiss the eligibility allegations in this matter, and later the *Fowler* Complaint in Colorado is deemed to be legally infirm, then Defendant would have no eligibility allegations pending against it.  The Court finds Relators' concerns lacking in merit.

As an initial matter, the Court has reviewed the *Fowler* Complaint, and if anything, it is more comprehensive as to eligibility allegations than the instant Complaint.  More importantly, however, the government has now intervened and has filed its own Consolidated Complaint with regard to eligibility accusations against Evercare.  The government is now aware of the alleged fraud, and is involved in protecting its interests.  The "policies animating the FCA" are met here, where the government has notice and has intervened.  *Poteet*, 552 F.3d 503, 516.  The Court has full confidence the government will pursue its interests wholeheartedly with regard to the eligibility allegations raised in this matter.  31 U.S.C § 3730(b)(4)(A),(c)(1).

## V. CONCLUSION

Accordingly, for the foregoing reasons, the government's Motion to Dismiss Relators' Eligibility Allegations (Doc. 21) is **GRANTED**.

Relators' remaining allegations, regarding "continuous care," inadequate services and retaliation, for which the government declined to intervene, remain before the Court in this case.

**IT IS SO ORDERED**.

Date:  2/3/15                                                                                     *s/ Timothy S. Black*
                                                                                                            Timothy S. Black
                                                                                                            United States District Judge